IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MIKHAIL SVERDLOV | : |
| | : |
| v. | : CIVIL NO. CCB-03-852 |
| | : |
| IGOR KALAGEORGI | : |

...o0o...

**MEMORANDUM**

Now pending is a motion for attorney's fees filed by Mark Kotlarsky, Esquire, counsel for plaintiff Mikhail Sverdlov in this case brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and the Maryland Wage Payment and Collection Law, Md. Labor Code Ann.§ 3-501 et seq. ("WPCL"). It is opposed in its entirety by the defendant. For the reasons that follow, fees in the amount of $ 7, 150 and expenses in the amount of $ 461.34 will be awarded.

**Background**

Sverdlov worked for defendant Igor Kalageorgi in a Russian-language bookstore in Baltimore, Maryland, earning $8.00 per hour, until the store was closed and Sverdlov was fired in July 2002. He retained counsel and filed suit for his last month's wages on March 25, 2003 after efforts to obtain payment from Kalageorgi failed.

An initial settlement conference at which Kalageorgi represented himself was held by Magistrate Judge Jillyn K. Schulze in July 2003, but was not successful. The defendant retained counsel on October 23, 2003. After various discovery disputes were resolved and a motion to amend the complaint was briefed, the parties returned to Judge Schulze and reached an agreement to settle the case. The defendant agreed to pay $1,496.05 (less taxes) for one month's pay; $200 (less taxes) for overtime; and $400 in liquidated damages. Attorney's fees were to be resolved by the court.

**Fee Request**

Prevailing plaintiffs ordinarily are entitled to fees under the FLSA, see 29 U.S.C. § 216(b), and the WPCL, see Md. Labor Code Ann. § 3-502. A "lodestar" fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). In this District, plaintiffs are expected to comply with the Rules and Guidelines for Determining Lodestar Attorneys' Fees contained in Appendix B to the Local Rules.

Following the litigation phase format outlined in the Rules and Guidelines, Sverdlov seeks a total of $ 23, 904,[1] representing 66.4 hours at $360.00 per hour. Obviously, this far exceeds the value of the recovery in this case.

Kalageorgi challenges the requested fees on several grounds. First, he claims that no attorney's fees are due because of the "bad faith litigation tactics" of plaintiff's counsel, citing Vocca v. Playboy Hotel of Chicago, Inc., 686 F.2d 605, 607 (7th Cir. 1982) and Goss v. Killian Oaks House of Learning, 248 F.Supp.2d 1162, 1168 (D.C. Fl. 2003). Those cases are distinguishable, however, as Kalageorgi did not immediately offer to pay the wages due, and did not until the conclusion of the litigation consider a resolution that would include anything for attorney's fees. Nor is any violation of Local Rule 607.5 sufficiently egregious to warrant denial of a fee, considering that the communication, or lack of communication, regarding settlement is an integral part of both side's arguments on attorney's fees.

Second, Kalageorgi claims that no fees attributable to the lost wage claim should be payable for

---

[1] There is also a claim for $461.34 in expenses.

work performed after the full amount of wages owed was tendered on November 10, 2003. The plaintiff, however, obtained in settlement an additional $200 on his overtime claim and $400 in liquidated damages. The liquidated damages are not specifically allocated to back wages or overtime in the settlement.[2] Accordingly, Kalageorgi cannot demonstrate that no recovery on the wage claim is attributable to Sverdlov's efforts after November 1, 2004.

Third, Kalageorgi challenges the reasonableness of Kotlarsky's claimed hourly rate, which is substantially higher than the range suggested in the Rules and Guidelines. While the Guidelines are not dispositive, I agree that Kotlarsky has not established the reasonableness of the rate he requests in the context of this legally uncomplicated case for which Sverdlov could have retained competent counsel at a lower rate. The four-sentence affidavit filed by Herbert Rubenstein offers little to support the reasonableness of Kotlarsky's charge. Nor does the Laffey matrix support this rate for Kotlarsky, particularly as it appears that Kotlarsky prosecuted this case as a sole practitioner from his home rather than from Dickstein, Shapiro, Morin & Oshinsky, thereby greatly reducing his overhead costs. An hourly rate at the high end of the range stated in the court's Guidelines, $275.00 per hour, is reasonable.

Finally, Kalageorgi contends that the requested hours are unreasonable. It is clear from a review of counsels' correspondence with each other, the fee petition, and the motions filed, that both sides acted unreasonably in multiplying the litigation expenses out of proportion to the amount at issue. Proportionality is a factor to be considered in awarding fees. See Farrar v. Hobby, 506 U.S. 103,

---

[2] The settlement agreement provides that the court should award fees as if Kalegeorgi had made an offer of judgment in the amount of $2,096.05 exclusive of costs and attorney's fees.

114-115 (1992). In particular, the amount of time spent on discovery (20.5 hours) and motions practice (21.6 hours) can not be justified, considering the small amount of wages at issue and the even smaller claim that could reasonably have been expected for overtime. Yet Sverdlov does not appear to have reduced his petition at all in the exercise of billing judgment.

The court will allow the following:

| | | |
|---|---|---|
| 1. | Case Development and Administration: | 3.0 hours |
| 2. | Pleadings: | 2.0 hours |
| 3. | Interrogatories/Written Discovery: | 5.0 hours |
| 4. | Depositions: | 2.0 hours |
| 5. | Motion Practice: | 5.0 hours |
| 6. | Settlement Negotiations: | 6.0 hours |
| 7. | Fee Preparation: | 3.0 hours |

A total of 26 hours multiplied by $275.00 per hour yields a reasonable fee of $7,150.00, plus expenses in the amount of $461.34 which are not challenged by the defendant.

A separate Order follows.

| | |
|---|---|
| __May 25, 2005__ | __/s/__ |
| Date | Catherine C. Blake |
| | United States District Judge |

4